**CHEMISCHE FABRIK VON HEYDEN, AKTIENGESELLSCHAFT et al. v. TAIT, Collector of Internal Revenue.**

No. 3407.

Circuit Court of Appeals, Fourth Circuit.

April 4, 1933.

Newton K. Fox and Adrian C. Humphreys, both of New York City, for appellants.

Simon E. Sobeloff, U. S. Atty., of Baltimore, Md., and R. P. Hertzog, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C. (James K. Cullen, Asst. U. S. Atty., of Baltimore, Md., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

SOPER, Circuit Judge.

This suit was brought to recover income and profits taxes in the sum of $157,158.27 assessed against Chemische Fabrik Von Heyden, a German corporation, and collected by the Collector of Internal Revenue for the year 1919. The corporation owned substantially the entire issue of stock of a New Jersey corporation which was seized by the Alien Property Custodian in 1918 and sold by him for $1,500,000 in 1919 under the provisions of the Trading with the Enemy Act of 1917 (40 Stat. 411), as amended (50 USCA Appendix). The tax was computed upon the excess of the net proceeds of sale over the value of the stock on March 1, 1913. The balance of the funds, less 22 per cent. thereof, was paid to the corporation by the Alien Property Custodian in 1929 under the authority of the Settlement of War Claims Act of 1928, 45 Stat. 254 (see 50 USCA Appendix). The question involved is whether the property of an alien enemy so seized and sold is subject to deduction for taxes on the gain resulting from the sale, when returned under the later act to its original owner.

The case was submitted upon an agreed statement of facts and a waiver of a jury trial to the District Judge, who set out the history of the case in a carefully considered opinion published at 58 F.(2d) 814,

818, and held that the tax was assessed in accordance with the clear intention of Congress manifested in the Act of July 1, 1918, ch. 113, § 1, 40 Stat. 646, 50 USCA Appendix § 24 and note; the Act of March 4, 1923 (Winslow Act), 42 Stat. 1511, 1516, 50 USCA Appendix § 24(a), and subsections (b) and (c) of section 24 of the Trading with the Enemy Act, added by the Act of March 10, 1928, c. 167, § 18, known as Settlement of War Claims Act, 45 Stat. 254, 50 USCA Appendix § 24(b, c); and that since there is no constitutional prohibition against the confiscation of enemy property, these statutes were within the powers conferred upon Congress. We agree with the conclusion of the District Judge and with the reason set out in his opinion. He said: "In the view I take of the matter the dominant and controlling consideration is that the 'Settlement of War Claims Act' was an act of grace of the sovereign United States, and in returning the property this Government undoubtedly had the clear right to impose such terms and conditions as it pleased Congress to enact. The property could have been withheld entirely or confiscated beyond any legal right or remedy of the plaintiff. The sole question of law which, therefore, controls the matter is: What was the intention of Congress as to the terms and conditions on which the property should be returned to the former alien enemy? And the answer to this, I think, must be found in the legislation which has been reviewed and which, in my opinion, * * * shows beyond any reasonable doubt that the intention of Congress was to return only the corpus of the property remaining after the payment of taxes and other expenses thereout; and the taxes referred to are expressly stated to include income and excess profits taxes computed on gain derived from the sale of property by the Alien Property Custodian for the taxable years 1917 and succeeding years."

The contention of the appellant is that the case is primarily a tax case and that the deduction was improperly made because the German corporation was not the owner of any property or the recipient of any income in the United States in the year 1919, and that therefore no income tax could be lawfully assessed against it. It is said that the statutes which authorized the Alien Property Custodian to pay all taxes lawfully assessed against the property held by him have no application to such a case because the title to the property had become vested in the United States and was not subject to lawful assessment; and that the Settlement of War Claims Act, in so far as it directs that the gain from a sale of the property shall be subject to income tax, is unconstitutional because the Sixteenth Amendment merely gave Congress power to levy and collect taxes on incomes, and no income was received by the appellant in the United States in the year of the sale.

This argument loses sight of the broad power of the government to seize and appropriate enemy properties without any compensation to the owners. United States v. Chemical Foundation, 272 U. S. 1, 47 S. Ct. 1, 71 L. Ed. 131. Congress had the undoubted right to confiscate such property completely or to impose any condition less onerous as it saw fit; and so it was well within the scope of its authority when it measured the deduction by the size of the burden which it placed upon the property of its own citizens in the form of taxation. Even if we assume that the German corporation had lost all title to the property and had no income therefrom in the year 1919, in the sense in which the term is used in the income tax law, still the deduction made by the Alien Property Custodian was lawful, for it carried into effect the obvious purpose of the statutes which Congress had the power to enact.

Affirmed.